UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIKO EPSON CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-00558-RBW |
| | ) |
| CORETRONIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CORETRONIC'S MOTION TO TRANSFER

Coretronic's motion ignores the critical question that must be answered before this Court can even consider whether it would be appropriate to transfer this case: is the Northern District of California a district where this case "might have been brought"? 28 U.S.C. § 1404(a). The answer is: No.

Coretronic avoids addressing this core issue by claiming that "[t]here is no dispute that SEC could have brought this action in the United States District Court for the Northern District of California." Coretronic Memo. at 5. Coretronic knows better, however; an Epson brief served on May 1, twenty days before Coretronic made this motion, made clear that Epson did not consider the Northern District of California to have personal jurisdiction over Coretronic.[1]

---

[1]  Epson had little choice but to file its suit in the District of Columbia. The cause of action was not related to the existing California suit, but was based on Coretronic's threat made in a letter transmitted from Taiwan to Japan, both companies being foreign-based. In contrast to Epson's suit on its own patents, Optoma was not involved in the Coretronic patent cause of action. It was not clear which district in the United States had proper jurisdiction over that suit, which is exactly the situation that prompted Congress to enact 35 U.S.C. § 293, providing the District of Columbia as a forum for such suits.

Reply to Coretronic's Opposition to Motion to Dismiss or, in the Alternative, to Stay Coretronic's First and Second Counterclaims at 5-6 (Ex. H to Coretronic's Hu Declaration here).

This is a declaratory judgment action that arises out of a threat made by Coretronic, a Taiwanese company, to Epson, a Japanese company, in a letter sent from Taiwan to Japan. Accordingly, there is no district in the United States that has specific personal jurisdiction, based on the actions of Coretronic that gave rise to the suit. Notwithstanding Coretronic's allegations that Epson "has improperly brought this action for declaratory relief in this Court for no conceivable reason but to inconvenience Defendant" and that "SEC's Complaint, on its face, shows no basis for its choice of the District of Columbia as its choice of venue," this case was brought here pursuant to 35 U.S.C. § 293, which is twice cited on the face of the Complaint. Section 293 provides this Court with jurisdiction over nonresident patentees who do not designate, as Coretronic did not, a person residing in the United States on whom process may be served.

At the time this suit was filed, the Northern District of California did not have jurisdiction over a declaratory judgment action arising from Coretronic's assertion of its patents overseas based on Coretronic's post hoc willingness to be sued in California, the existence of a prior suit in that court involving patents of Epson or the presence of a Coretronic subsidiary in California. Accordingly, the Northern District of California was not a place where this declaratory judgment action "might have been brought" and this case is not transferable to that court pursuant to 28 U.S.C. § 1404(a).

Moreover, if the issue of discretionary transfer were to be reached, Coretronic has not demonstrated that the Northern District of California is substantially more convenient, so as to overcome the effect of the first-to-file rule and the presumption in favor of proceeding in this court. Neither of the parties to this case are located in California and Coretronic's allegations of the relevance of the parties' subsidiaries located in California are without substance. This suit is

fundamentally distinct from the suit currently pending in California, as it involves different patents, different underlying inventions, different inventors, different patent prosecution personnel and different accused products.

## ARGUMENT

### I. This Suit Could Not Have Been Brought In The Northern District Of California

Although Coretronic chooses to all but ignore the requirement that the transferee district be one in which the case "might have been brought," it is, in fact, Coretronic's burden to demonstrate that this action could have been brought in the Northern District of California. *Sierra Club v. Flowers*, 276 F. Supp. 2d. 62, 65 (D.D.C. 2003). Its motion should be denied on that basis alone.

#### A. Coretronic's willingness to be sued in California is not sufficient

It was settled by the Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335 (1960), a patent infringement case, that 28 U.S.C. § 1404(a) means what it says, and that this Court can only transfer this case to the Northern District of California if that is a forum in which Epson could have brought the case at the time it was filed here, regardless of whether Coretronic now says, in conjunction with a motion to transfer, that it would waive any objections to jurisdiction or venue in California. "[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." 363 U.S. at 343-44. *See also, e.g., Relf v. Gasch*, 511 F.2d 804, 806-808 (D.C. Cir. 1975) (the propriety of a transfer order pursuant to §1404(a) cannot be ascertained absent a determination whether the transferee forum is one in which the action might have been brought); *Rice v. Disabled American Veterans*, 295 F. Supp. 131, 135 (D.D.C. 1968).

3

### B. Coretronic's participation as a party in another suit in California does not give that court jurisdiction over it on a different cause of action

Coretronic remarks that "Coretronic, a Taiwanese corporation, did not challenge and has already submitted to the personal jurisdiction of the Northern District of California," Coretronic Memo. at 5. To the extent Coretronic is saying that it voluntarily submitted on the patent infringement cause of action and would also submit on the declaratory judgment cause of action, that is irrelevant under *Hoffman v. Blaski*. To the extent Coretronic is saying that its having submitted to jurisdiction on the patent infringement cause of action binds it to answer any other suits brought against it in California, that is incorrect as a matter of law. Coretronic cites no authority in support of such a proposition and it is contrary to the established analysis of personal jurisdiction, which is cause-of-action specific. Such a rule would be nonsensical, as the existence of personal jurisdiction over one cause of action would leave a defendant with a Hobson's choice between suffering a default judgment in the first suit or answering the first suit and thereby opening itself up to other suits that could not have been brought against it in that jurisdiction in the first instance.

In fact, being a defendant in a suit brought on an unrelated cause of action, or even being the proponent of a suit on another cause of action, has been held insufficient to confer jurisdiction over a party for purposes of other suits. For example, in *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, 2006 WL 3837143 *2, *4 (E.D. Mo. 2006), a defendant sought to transfer a patent infringement suit from Florida to Delaware where two patent cases over the same subject matter, i.e., the manufacture and marketing of GA21 corn, had already been litigated. The plaintiff argued that the Delaware court had no jurisdiction over one of the defendants, JC Robinson, a Nebraska corporation. The defendants countered that JC Robinson had already

4

twice been a defendant in the prior Delaware cases, brought at the instigation of the plaintiffs or their affiliates. The court held, however, that JC Robinson had "not purposefully availed itself of the State of Delaware." Moreover, despite the close subject matter relationship between the two suits, the "activities in the forum state must give rise to the [subsequent] litigation." The activity at issue in the Florida case was the sale of corn in the Midwest, not the prior litigation in Delaware. 2006 WL *4 (citing *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)).

Other courts have reached similar results. *See Simplicity, Inc. v. MTS Products, Inc.*, 2006 WL 924993 *7 (E.D. Pa. 2006) ("It does not follow . . . that this Court can exercise personal jurisdiction over MTS in this action simply because it did not contest jurisdiction in a prior action involving unrelated claims."); *United States v. Subklew*, 2001 WL 896473, *3 (S.D. Fla. 2001) ("a party's initiation or defense of a legal action in Florida does not provide personal jurisdiction over that party in a separate suit . . . even where . . . the later suit arises from subject matter that is similar to the earlier suit"); *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 572-73 (S.D. Tex. 1998) (the filing of a third party complaint in one case does not effectuate a waiver of personal jurisdiction in a subsequent related case; indeed, the filing a counterclaim does not waive objections to personal jurisdiction even in the case in which it is filed); *Gibbons v. Brown*, 716 So. 2d 868, 870 (Fla. App. 1 Dist. 1998) ("A current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over the head of that defendant if she later challenges jurisdiction in a separate suit (albeit a suit arising from the same subject matter).").

The principle of such cases applies with even more force here, where the subject matter is unrelated to that at issue in California: Coretronic was accused in California of infringing certain

5

patents belonging to Epson and the issue in this case is whether Epson is infringing valid patents owned by Coretronic.

### C. Coretronic's California subsidiary does not subject it to jurisdiction

While Coretronic does not rely on such fact for purposes of personal jurisdiction, it has what is apparently a 70% owned subsidiary, Optoma Technology, Inc., based in California. Absent a showing that Optoma is merely an alter ego of Coretronic, which showing Coretronic has not attempted to make, jurisdiction is not conferred over the parent based on the presence of the subsidiary in the forum. *See, e.g., Raths v. United States*, 911 F.2d 738 (9th Cir. 1990) ("A court cannot exercise personal jurisdiction over a parent corporation solely because it could exercise jurisdiction over its subsidiary."); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."); *Naxos Resources (U.S.A.) Ltd. v. Southam, Inc.*, 1996 WL 662451 *3 (C.D. Cal. 1996) (a judicial vitiation of the separate corporate existences of a parent and subsidiary in a jurisdictional context is an "extraordinary remedy" akin to piercing the corporate veil and requires proof of facts sufficient to support the remedy).

### D. There is no jurisdiction over a declaratory judgment action in California where Coretronic did not both direct the infringement letter there and maintain a physical presence there

The Federal Circuit has recognized that it is the threat letter that is the *sine qua non* of a declaratory judgment action regarding threats of patent infringement:

> In the event a patentee casts its net of cease-and-desist letters too widely and entangles some non-infringing products, a plaintiff may have little recourse other than a declaratory judgment action to disentangle its non-infringing business. In those instances, the cease-and-desist letters are the cause of the entanglement and at least partially give rise to the plaintiff's action.

6

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (Rader, J.). The court further explained that "even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts)," the reason that "cease-and-desist letters alone do not suffice to create personal jurisdiction" is, essentially, a policy consideration: a patentee is permitted to give notice of its patent rights to others without automatically subjecting itself to personal jurisdiction in the other party's home forum, which rule encourages the settlement of patent infringement disputes without resort to the courts. *Id.* at 1360-61. Accordingly, the Federal Circuit has developed a "threat-letters-plus" test, which a declaratory judgment plaintiff must meet before it can initiate suit in the place where it has received letters. In addition to receipt of the letters, there must be substantial additional contacts with the forum by the patentee. *See generally Breckenridge Pharmaceutical, Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006).

However, where, as here, the threat letter was sent to Japan, and not to California, jurisdiction over Coretronic did not lie in California and it was necessary to bring this case in the District of Columbia pursuant to 35 U.S.C. § 293, which was enacted for exactly such a situation.

### E.     Conclusion

For the foregoing reasons, the Northern District of California is not a district in which this case "might have been brought" and, accordingly, this Court lacks power to transfer the case there.

## II.    This Suit Should Not Be Transferred To The Northern District Of California

Even if it were possible to transfer the case to California, Coretronic has failed to show that the Northern District of California is so substantially more convenient as to justify a transfer of this case there. "As a general rule, the plaintiff's choice of forum is given significant weight

7

and will not be disturbed unless the other factors weigh substantially in favor of transfer." Moore's Federal Practice § 111.13[1][c].

As many as six private interest factors and three public interest factors have been considered relevant to the decision to transfer. The private interest factors include:

> (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Berenson v. National Financial Services, LLC*, 319 F. Supp. 2d 1, 2-3 (D.D.C. 2004) (Walton, J., quoting *McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003) (Walton, J.)) The public interest factors include: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home." *Id.* at 4 (quoting *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, (D.D.C. 2004)).

The plaintiff's choice of forum is given presumptive weight and "[t]rial judges do not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." *Pain v. United Technologies Corp.*, 637 F.2d 775, 783 (D.C. Cir. 1980). While it is true that the District of Columbia is not Epson's home forum, <u>neither</u> party to this case has a home forum in the United States. They are both foreign companies. Patents are issued by the federal government, specifically by the Patent and Trademark Office, which is an agency of the Department of Commerce, located in the Washington, D.C. metropolitan area. Accordingly, parties wishing to obtain patents often have occasion both to travel to the Washington, D.C. area to meet with examiners and to retain attorneys in the Washington area with expertise in patent law.

8

Coretronic's patents were prosecuted by a firm that maintains at least a postal address in Merrifield, Virginia, a suburb of Washington, D.C., and Epson's counsel is also located in the suburbs of Washington.[2] Indeed, the largest office of Coretronic's counsel, Akin Gump Strauss Hauer & Feld LLP is located in Washington, D.C. While the convenience of counsel, per se, is not given great weight, the location of counsel has a substantial impact on the convenience to the parties, because it is to counsel's offices that the parties travel for meetings and depositions and it is counsel who collect and retain the documents that are produced in discovery.[3] It is doubtless the role of Washington, D.C. as the seat of the federal government that caused Congress to designate it as the location where suits pursuant to 35 U.S.C. § 293 should be brought. In other words, when a foreign party, who has obtained a U.S. patent, asserts it overseas or otherwise in a manner that does not produce jurisdiction in a specific U.S. court, Congress considered it most fair to require such a party to litigate in the nation's capital, where the patent was obtained.

Coretronic's efforts to characterize California as a substantially more convenient forum fall short, principally because the parties are not located in the U.S.: Coretronic is a Taiwanese company and Epson is a Japanese company. Coretronic concedes that the inventors of the patents in question live in Taiwan. Likewise, the persons who prosecuted those patents are also apparently Taiwanese residents. Coretronic fails to identify any witnesses that are located in California, artfully avoiding conceding as much by stating that "All of Coretronic's witnesses . . . are located in Taiwan or California." Coretronic Memo. at 10. In any event, the convenience of

---

[2] The location of the PTO in a Virginia suburb of Washington, D.C. may explain Coretronic's allegation that none of its personnel have traveled to the District of Columbia on business.

[3] Coretronic essentially concedes as much, citing the location of some of its counsel's offices in California as a reason to transfer the case there. Coretronic Memo. at 9 & 11. Coretronic consistently cites California as the location of its counsel in this case, but does not mention that its lead counsel, Yitai Hu, serves as partner-in-charge of its office in Taipei, Taiwan.

9

witnesses of the parties is not entitled to any weight, since they will both be equally available in either the District of Columbia or California.

Coretronic attempts to rely on the location of its subsidiary, Optoma Technology, Inc., in California. However, Optoma is not a party to this case for the very good reason that the patents at issue are owned by Coretronic, not Optoma. Coretronic, which has the burden of proof on this motion, *see McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 36 (D.D.C. 2003), has failed to identify what evidence is in the possession of Optoma, again using allegations in the alternative: "most of these documents are located in Coretronic's headquarters in Hsinchu, Taiwan or Optoma's office in Milpitas, California." Coretronic Memo. at 11. Of course, Coretronic has not attempted to show, as it certainly could not, that any of this evidence would be unavailable to it in the District of Columbia.

Coretronic also repeatedly asserts the relevance of Epson Research and Development, Inc. ("ERDI"), which has its offices in California. Coretronic Memo. at 2, 3, 6, 11 & 13. However, Coretronic does not establish how that company is relevant to this case. Coretronic concedes that Epson has pointed out that its projectors are designed in Japan, *see id.* at 2 & 6, but then alleges: "On information and belief, the research for and development of SEC's projectors are conducted through ERDI in San Jose, California." *Id.* at 6. In support of this proposition, Coretronic cites the declaration of its own counsel, Mr. Hu. The cited basis for Mr. Hu's belief is "¶ 11, Ex. J at p. 3" of Mr. Hu's own declaration. Paragraph of 11 of Mr. Hu's declaration identifies Exhibit J as Coretronic's motion in California seeking to add ERDI as a party in the California action. All that page 3 of that motion says, however, is that "According to SEC's website, ERDI includes the Epson Research & Development ASD Group (ASD) which focuses on the development of digital imaging technologies for projectors." In other words, the sole basis for Mr. Hu's belief is the

sentence quoted on page 2 of Coretronic's Memorandum to the effect that ERDI has a group that focuses on "cutting-edge work in digital imaging technologies for cameras, copiers, printers, projectors, scanners and the Internet." However, the fact that ERDI may have done work on digital imaging technologies does not have anything to do with Coretronic's asserted patents, which it characterizes as relating "to cooling the internal components of projectors." Coretronic Memo. at 3. In short, ERDI is simply a straw man that Coretronic is putting forward in the hope that it will tip the balance in favor of transferring this case to California.

Coretronic has also not established that efficiency will be enhanced by moving this case to California to be tried together with the five patents already at issue there. The patents are owned by different parties, which means that their inventors are different, the inventions themselves are different, the persons who prosecuted them are different and the accused devices are different. Rather than enhance efficiency, transferring the case would likely burden the progress of the California case and make it more difficult for both the court, who would have additional issues of claim construction to address, and the jury, who would have to keep separate the distinct inventions claimed in seven patents.

As for the public interest considerations, two of them, "the transferee's familiarity with the governing laws" and "the local interest in deciding local controversies at home" have no bearing here. This is federal question case and the District of Columbia and Northern District of California are equally competent to decide the case. Moreover, the case arose abroad, so it is not "local" to any part of the United States. The remaining factor, "the relative congestion of the calendars of the potential transferor and transferee courts" favors retaining the case in the District of Columbia. As reflected in the federal court statistics available at http://www.uscourts.gov/cgi-bin/cmsd2006.pl, the Northern District of California has 15 judges and weighted 2006 filings of

11

621 cases, ranking it fifth busiest of the 94 district courts. The District of Columbia has 14 judges and had 239 weighted filings in 2006, ranking it 88th busiest of the 94 district courts. Accordingly, transferring this case to the Northern District of California would serve only to further burden an already very busy court.

Finally, transferring this case to California is inconsistent with the first-to-file rule, which provides that "'as a principle of sound judicial administration, the first suit should have priority,' absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). The Federal Circuit has emphasized that there must be "well-founded reasons" for giving precedence to a later-filed patent infringement suit in favor of a first-filed declaratory judgment action and that "in the usual circumstance" the declaratory judgment action must be permitted to proceed. *See Capo, Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004). As this declaratory judgment action was filed before Coretronic amended its counterclaims in the Northern District of California to assert claims of patent infringement, this is the first-filed suit and public policy therefore favors that it should proceed here. Transferring this case to the Northern District of California would effectively give precedence to the second-filed suit without any special circumstance justifying that result.

12

## III. Conclusion

For the foregoing reasons, this Court both cannot and should not transfer this case to the Northern District of California.

**Oral argument is requested on this motion.**

DATED this 4th day of June 2007.

Respectfully submitted,

SEIKO EPSON CORPORATION

_/s/ William J. Utermohlen_
James A. Oliff
John W. O'Meara
William J. Utermohlen, D.C. Bar No. 384902
Tamir D. Damari, D.C. Bar No. 455744
OLIFF & BERRIDGE, PLC
277 South Washington Street, Suite 500
Alexandria, VA 22314
Telephone: 703-836-6400
Facsimile: 703-836-2787

Attorneys for Plaintiff Seiko Epson Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIKO EPSON CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>CORETRONIC CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:07-CV-00558-RBW<br>)<br>)<br>)<br>)<br>) |

## ORDER

**UPON CONSIDERATION** of Coretronic Corporation's Motion to Transfer Venue, the Points and Authorities in support thereof and Seiko Epson Corporation's Opposition thereto, it is, this _____ day of _____, 2007;

**ORDERED**, that such Motion is hereby **DENIED**.

_____
JUDGE