UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIKO EPSON CORPORATION,<br><br>    3-5, Owa 3-chome<br>    Suwa-shi<br>    Nagano-ken, 392-8502<br>    Japan,<br><br>                Plaintiff,<br><br>        v.<br><br>CORETRONIC CORPORATION,<br><br>    No. 11, Li-Hsing Road<br>    Science Park<br>    Hsinchu, Taiwan 300<br>    Republic of China,<br><br>                Defendant. | **Civil Action No. 1:07-CV-00558-RBW** |

**DEFENDANT CORETRONIC CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION FOR TRANSFER OF VENUE**

**I.    INTRODUCTION**

Despite Seiko Epson Corporation's ("SEC") claim that "this suit could not have been brought in the Northern District of California," Coretronic Corporation ("Coretronic") has met its burden by demonstrating that a transfer of this case to the transferee court in the Northern District of California is both proper and warranted.  As recited in Coretronic's motion, the applicable transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  This action could have been brought in the Northern District of California because Coretronic's significant business activities in and

connection to California subject it to the jurisdiction of the Northern District of California for this declaratory judgment action. Therefore, Coretronic's motion should be granted.

II.   ARGUMENT

   A. **This Suit Could Have Been Brought In The Proposed Transferee Court Because The Northern District of California Has Jurisdiction Over Coretronic for This Action**

For transfer of venue there must first be a determination that the action to be transferred could have been brought in the proposed transferee district. *Onyenneho v. Allstate Inc. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006); *McClamrock v. Eli Lilly and Co.*, 267 F. Supp. 2d 33, 36 (D.D.C. 2003); *Gemological Inst. of Am., Inc. v. Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001); *DeLoach v. Philip Morris Co., Inc.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). SEC's chief argument is that Coretronic did not "demonstrate that this action could have been brought in the Northern District of California" because, SEC contends, the Northern District of California would not have had jurisdiction over Coretronic for this declaratory judgment action. Opp'n at 3. Specifically, SEC claims that because "the threat letter was sent to Japan, and not to California, jurisdiction over Coretronic did not lie in California [but in the District of Columbia]." *Id.* at 7. What SEC ignores is that Coretronic's other activities connecting it to California, however, subject it to the personal jurisdiction in the Northern District of California.

   1. **The Northern District of California May Exercise Has Personal Jurisdiction Over Coretronic For This Declaratory Judgment Action Within Constitutional Limitations of Due Process.**

A federal court has personal jurisdiction over a non-resident defendant to the extent authorized under the law of the forum state in which the district court sits, within constitutional limitations of due process. Fed. R. Civ. P. 4(e). In order to establish personal jurisdiction over a non-resident defendant, a plaintiff must demonstrate that the state long-arm statute applies and

that the requirements of due process are satisfied.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 105 (1987).  California courts have long held that California Civil Procedure Code § 410.10 reaches to the outermost limits permitted by the Constitution of California or the United States.  *See* Cal. Civ. Proc. Code § 410.10.  Thus, the reach of the California statute is co-extensive with the Due Process Clause of the Fourteenth Amendment.

The Fourteenth Amendment's due process requirements are satisfied where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Minimum contacts can be established by a showing of either "specific" or "general" jurisdiction.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Specific jurisdiction exists if the plaintiff's claims "arise out of" or have a "causal nexus" with the defendant's conduct in the forum.  *Id*.

The Northern District of California court will find that Coretronic purposefully directed its activities at California residents because it sells projector products in California, its employees regularly travel to California to conduct business transactions, and it conducts business through its U.S. subsidiary, Optoma.  *See* Declaration of Chin-Hsing Lin In Support of Defendant Coretronic Corporation's Memorandum In Support of Its Motion For Transfer of Venue ("Lin Decl."), ¶ 8, 19.  While SEC may fail to establish the "systematic and continuous" contacts necessary to provide the Northern District of California court with general jurisdiction, it can certainly prove specific jurisdiction because the plaintiff's claims are related or arise out of the defendant's contacts with the forum.  *See Helicopteros*, 466 U.S. at 414.

Specific jurisdiction is found where "defendant has purposefully directed his activities at

3

residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Akro Corp. v. Luker*, 45 F.3d at 1545 (Fed. Cir. 1995) (emphasis omitted). The Northern District of California would have had personal jurisdiction over Coretronic if SEC had sought declaratory relief in that district. SEC argues that the Northern District of California would not have jurisdiction because "Coretronic did not both direct the infringement letter there and maintain a physical presence there." Opp'n at 6. In *Akro*, however, the court held that there was jurisdiction over the patentee-defendant after it sent patent infringement warning letters to the plaintiff. *Akro,* 45 F.3d at 1546. The *combination* of warning letters directed to plaintiff's patent counsel, who was not even in the forum state, together with a license agreement with a corporation in the forum state demonstrated to the Court that patentee-defendant purposefully directed its activities at residents of the forum state. *Id.*

Here, Coretronic did not send its letters to SEC in California, as SEC points out, but it conducts other activities related to its asserted patents. Other activities connecting the patentee-defendant to the forum can be, however, "analogous to the patent license in *Akro*." *Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). In *Genetic Implant Systems*, such other activities, including contracting to sell products, having sales representatives and selling a substantial amount of its products in the forum, were sufficient for the forum court to have jurisdiction over the patentee-defendant. *Id.* In *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, the Court similarly held that maintaining sales agents, deriving substantial licensing revenues, and licensing negotiations in the forum were facts "sufficient under *Akro* and *Genetic Implant* to justify the imposition of personal jurisdiction over [the patentee-defendant in the forum]." *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1271 (Fed. Cir. 1998). Coretronic has conducted business in California through Optoma, has employees that travel to

4

the west coast of the United States, and has derived substantial revenue from sales of its products in California.  Lin Decl., ¶ 8, 19.

Next, the due process inquiry requires a determination of whether "the litigation results from alleged injuries that arise out of or relate to those activities."  *Akro*, 45 F.3d at 1545 (citing *Burger King,* 471 U.S. at 472).  In *Akro*, the Court agreed with plaintiff that the quality and nature of contacts with the jurisdiction were substantial if a patentee-defendant voluntarily entered into a number of business transactions which it knew would have consequences in the state.  *Akro,* at 1547-48.  Here, Coretronic's contacts are sufficiently connected with SEC's cause of action to satisfy due process because Coretronic has voluntarily, regularly conducted business in California, including sales through its U.S. subsidiary in Milpitas, California.  Lin Decl., ¶ 8.  To that end, it is apparent that Coretronic would know its business transactions in California would subject it to consequences in California.

Finally, "[o]nce it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *Burger King*, 471 U.S. at 476-77  (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).  "The injury of which [plaintiff] complains-restraint of its production of goods by means of a non-infringed, invalid and/or unenforceable patent-falls well within the boundaries of the sorts of injuries that [the forum state] has an interest in discouraging."  *Akro*, 45 F.3d at 1549.  The court in the Northern District of California would likely find that California has a significant interest in determining whether or not Coretronic's U.S. patents are valid, enforceable and infringed by SEC's products that are sold in California to California manufacturers and consumers.

5

### B. SEC Cannot Rebut Coretronic's Showing That Convenience Factors and The Interest of Justice Favor Transfer to the Northern District of California.

SEC attempts to sidestep the issue of convenience to the parties by arguing that the District of Columbia would serve as a better forum because "parties wishing to obtain patents often have occasion to travel to the Washington, D.C. area," and "Coretronic's patents were prosecuted by a firm that maintains at least a postal address in . . . a suburb of Washington, D.C." or because "neither party to this case has a home forum in the United States," Opp'n at 8. These arguments are unpersuasive or simply irrelevant to the issue of convenience.

SEC contends that "transferring this case to California [would be] inconsistent with the first-to-file rule." Opp'n at 12. To the contrary, in *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001), which Coretronic quoted in its opening motion, the Court stated that deference to plaintiff's choice of forum is minimized where, as here, the plaintiffs' choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or the subject matter." Thus, SEC's choice of the District of Columbia as the forum should be accorded little weight because the District of Columbia has no meaningful ties to the controversy and no particular interest in Coretronic, SEC or the Coretronic patents. Indeed, SEC does not dispute this point.

SEC admits that "the location of counsel has a substantial impact on the convenience of that parties" but points to Akin Gump's largest office, located in the District of Columbia. Before SEC filed this action, no legal work for Coretronic was handled in the D.C. office of Akin Gump Strauss Hauer & Feld LLP. Memorandum In Support of Defendant Coretronic Corporation's Motion For Transfer of Venue at 9. Rather, the attorneys responsible for defending the litigation in the Northern District of California are also defending the litigation in this Court.

Each of these attorneys is based in Akin Gump's Silicon Valley or San Francisco office.[1]  *Id*. Relevant documents for both SEC's infringement action in the Northern District of California and Coretronic's infringement action against SEC have already been gathered and transported to Coretronic's counsel in Silicon Valley.  *Id*.

SEC's opposition fails to rebut what Coretronic established in its motion to transfer: the Northern District of California is a more convenient forum for all the likely witnesses, i.e., the inventors and engineers involved in the research and development that resulted in the patented inventions; Coretronic employees involved the sales and marketing of the inventions claimed in the patents-in-suit; and SEC's most knowledgeable witnesses in Japan and California.  The vast majority of Coretronic and Optoma employees who have information relevant to this case reside or work in Taiwan or within the Northern District of California.  Lin Decl., ¶ 14-16, 18.  SEC makes no persuasive argument as to how the District of Columbia could be more convenient for the potential witnesses than the Northern District of California, which is significantly closer for witnesses in Taiwan and Japan and will not require overnight accommodations or extended travel time for witnesses in California.  Notably, SEC makes no mention of any witnesses residing closer to the District of Columbia except some unsupported attorney argument that witnesses "will both be equally available in either the District of Columbia or California."  Opp'n at 10.

SEC contends that "Coretronic does not establish how [Epson Research & Development, Inc. ("ERDI")] is relevant to this case while admitting that "ERDI may have done work on" technology suited for projector products.  Opp'n at 11.  SEC dismisses ERDI as Coretronic's

---

[1] Although SEC points out that Coretronic's lead counsel, Yitai Hu, is the partner-in-charge of its Taipei office, SEC fails to mention that Yitai Hu is the partner-in-charge of the IP litigation in China and has offices in Silicon Valley, Beijing and Taipei.  None of these facts make it convenient for Coretronic to litigate its infringement claims against SEC in the District of Columbia.

straw man. But on its website it touts ERDI as "an ambitious organization with a mission to develop superlative products and technologies for Epson." Epson Research and Development, http://www.erd.epson.com (last visited June 14, 2007).

Next, SEC argues that Coretronic cannot rely on Optoma's location because it is not a party in this action. Opp'n at 6. SEC fails to mention that Optoma is Coretronic's only U.S. subsidiary and a is co-defendant in the Northern District of California action. *See* Declaration of Yitai Hu In Support of Defendant Coretronic Corporation's Memorandum In Support of Its Motion For Transfer of Venue, ¶ 2. Moreover, Optoma markets and sells projectors manufactured by Coretronic from its headquarters in Milpitas, California. Lin Decl., ¶ 8. Documents related to the Coretronic patents are located in Optoma's headquarters in the Northern District of California. *Id*. Therefore, Optoma's location weighs in favor of transfer.

Transfer is appropriate under § 1404(a) "when there is an ongoing related case in another jurisdiction." *Biochem Pharma, Inc. v. Emory University*, 148 F. Supp. 2d 11, 14 (D.D.C. 2001) (citing *In re Scott*, 709 F.2d 717, 721 & n. 10 (D.C.Cir.1983)). "Piecemeal litigation in the complex and technical area of patent . . . is especially undesirable. SEC further contends that "efficiency will not be enhanced by [combining this action] with the five patents already at issue [in the Northern District of California]" even though the patents and products involved are all related to the same projector technology. Opp'n at 11. SEC argues that transfer would "burden the progress of the California case." *Id*. The litigation in the Northern District of California, however, is still in its earliest stages and the case management conference in that action will not even take place until July 10, 2007. *Id*. Furthermore, SEC argues there should be two separate juries "to keep separate the distinct inventions." *Id*. This would be a waste of judicial and

8

litigant resources and disfavor the just and effective disposition of disputes. *Id*. Rather, all of the parties' related patent infringement claims should be decided in the same court.

SEC does not deny that this Court has little, if any, interest in resolving this action. Both parties are foreign corporations with no employees, business connections or documents in the District of Columbia. Lin Decl., ¶ 4-6. Still, SEC argues that this Court should not transfer this action to the Northern District of California and "further burden an already very busy court." Opp'n at 12. Under this flawed reasoning, this action should more appropriately be transferred to the least busy district court. But there is no precedent for that choice of venue.

### III. CONCLUSION

For the reasons discussed above and in Coretronic's Motion to Transfer, the Court should grant Coretronic's motion and transfer this case to the Northern District of California.

Date:  June 14, 2007

Respectfully submitted,

By: __/s/_____

Cheryl A. Falvey (DC Bar No. 414277)
Colleen Coyle (DC Bar No. 431218)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Tel: 202.887.4000
Fax: 202.887.4288

Yitai Hu
Elizabeth H. Rader
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650.838.2000
Fax: 650.838.2001

### CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2007, a copy of the foregoing Defendant Coretronic Corporation's Reply in Support of Its Motion for Transfer of Venue was served upon the following by CM/ECF electronic notification:

William Jerome Utermohlen
OLIFF & BERRIDGE
277 South Washington St., Suite 500
Alexandria, VA 22314
Attorney for Plaintiff

__/s/_____