UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIKO EPSON CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORETRONIC CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Case No.: 1:07-CV-00558-RBW |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Seiko Epson Corporation ("Seiko Epson"), by and through its undersigned counsel, hereby notifies the Court of an Order issued by the United States District Court for the Northern District of California on June 19, 2007 (a copy of which is attached hereto as *Exhibit A*), in a case related to this matter captioned *Seiko Epson Corporation v. Coretronic Corporation* (Case No. C06-06946).[1] The Order, *inter alia*, denied Seiko Epson's Motion to Dismiss, or in the Alternative to Stay, Coretronic's First and Second Counterclaims.

---

[1] The scope and nature of the claims at issue in the California matter are described more fully in Coretronic's Motion to Transfer Venue and Seiko Epson's Opposition thereto.

DATED this 2nd day of July 2007.

        Respectfully submitted,

        SEIKO EPSON CORPORATION


        /s/
        _____
        James A. Oliff
        John W. O'Meara
        William J. Utermohlen, D.C. Bar No. 384902
        Tamir D. Damari, D.C. Bar No. 455744
        OLIFF & BERRIDGE, PLC
        277 South Washington Street, Suite 500
        Alexandria, VA  22314
        Telephone:  703-836-6400
        Facsimile:  703-836-2787

        Attorneys for Plaintiff Seiko Epson Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Seiko Epson Corporation's Notice of Supplemental Authority and this Certificate were served upon the following individuals, on July 2, 2007, by means of this Court's Notice of Electronic Filing:

Cheryl A. Falvey, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, D.C.

Elizabeth Rader, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
2 Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306

/s/
_____
Attorneys for Plaintiff Seiko Epson Corporation

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIKO EPSON CORPORATION, | No. C06-06946 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND AND DENYING PLAINTIFF'S MOTION TO DISMISS** |
| v. | |
| OPTOMA TECHNOLOGY, INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court are two motions: (1) Defendant Coretronic Corporation's Motion For Leave To File Second Amended Answer And Counterclaims (Docket No. 37); and (2) Plaintiff Seiko Epson's Motion To Dismiss Or In The Alternative To Stay Coretronic's First And Second Counterclaims (Docket No. 32).

For the following reasons, the Court **GRANTS** Coretronic's motion for leave to amend and **DENIES** Seiko Epson's motion to dismiss.

## FACTUAL BACKGROUND

On November 6, 2006, Epson filed this lawsuit against both Coretronic and its U.S. subsidiary, Optoma Technology, Inc. alleging infringement of the Epson patents. On March 5, 2007, Coretronic filed an answer that included counterclaims asserting inequitable conduct as to two of the Epson patents.

The next day, on March 6, 2007, Coretronic wrote to Epson alleging that Epson was

infringing certain Coretronic patents concerning projector technology, stating: "We have determined that Seiko Epson projectors have infringed and are infringing these Coretronic patents."[1] Coretronic's letter also proposed further settlement negotiations.

On March 19, 2007, Epson filed a declaratory judgment action in the United States District Court for the District of Columbia regarding Coretronic's allegations that Epson infringes Coretronic's patents. On March 21, 2007, Coretronic filed amended counterclaims in this action asserting that Epson infringes two of Coretronic's projector patents.

By its motion, Epson now seeks to dismiss (or, in the alternative, stay) Coretronic's amended counterclaims based on the first-to-file rule. Coretronic, in turn, opposes Epson's motion and has also brought its own motion to further amend its counterclaims to assert the same two Coretronic patents against an Epson subsidiary, Epson Research & Development, Inc. ("ERD"), that is headquartered in this district.

## LEGAL STANDARD

### A.  Motion For Leave To Amend.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course before a responsive pleading is served, after that the party may amend the pleading only by leave of court or by written consent of the adverse party. Additionally, Rule 15(a) instructs the Court that, "leave shall be freely granted when justice so requires." The Supreme Court has made it clear that courts are to carefully heed this mandate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether to grant leave to amend, the Court considers the following factors: (1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment. *Id.* Generally, the court engages in this analysis with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). While each of these

---

[1] The parties have not provided a copy of this March 6, 2007 letter to the Court.

2

factors is relevant to determining the propriety of leave to amend, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, if the party opposing the motion fails to establish any of these factors, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

### B. Motion To Dismiss Patent Claims Based On First-To-File Principles.

Federal Circuit precedent, rather than that of the Ninth Circuit, applies to "[t]he question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement." *Genentech v. Eli Lilly & Co.*, 998 F.2d 937 (Fed. Cir. 1993); *see also Laboratory Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004). The Federal Circuit applies the "general rule . . . that 'as a principle of sound judicial administration, the first suit should have priority,' absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). As the Federal Circuit has stated:

> We apply the general rule favoring the forum of the first-filed case unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise. Exceptions are not rare, but we have explained that there must be sound reason that would make it unjust or inefficient to continue the first-filed action.

*Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005); *see also Serco Services Company, L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).

Federal Circuit law permits a district court to consider, as one factor in the analysis, whether "a party intended to preempt another's infringement suit." *Electronics*, 394 F.3d at 1347-48. "Other factors include the convenience and availability of witnesses, or absence of jurisdiction over all necessary and desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party of interest." *Id.* at 1348.

///
///
///

## ANALYSIS

### A. Leave To Amend Coretronic's Counterclaims To Add Epson's Subsidiary As A Counter-Defendant Is Appropriate.

Applying the relevant factors, the Court readily concludes that Coretronic should be granted leave to add ERD as a counter-defendant. This action is at its earliest stages of litigation, and no prejudice to ERD or Epson would result from permitting the amendment. Moreover, there is no suggestion of undue delay or dilatory motive on the part of Coretronic in seeking the amendment.

Epson primarily argues that leave to amend should be denied by contesting the factual predicate for the proposed amendment. Whereas Coretronic's proposed amendment alleges that ERD is responsible for the design and development of the Epson projectors accused of infringing the Coretronic patents (Docket No. 38, Exh. A), Epson asserts this is simply not true. Epson contends that Coretronic's request to add ERD as a counter-defendant is, instead, merely a tactical maneuver designed to give Coretronic leverage in the parties' dispute over the first-to-file rule. In support of this contention, Epson submits the declaration of the general manager of its Visual Instruments Operations Division, which generally denies that any research conducted by ERD has been incorporated into any Epson projectors sold in the United States. (Ito Decl. ¶¶ 3-4.)

The evidence submitted by Epson is not sufficient to establish futility of the proposed amendment. Coretronic has demonstrated a colorable basis for asserting its counterclaims against ERD under 35 U.S.C. § 271(a) based on the description of ERD's role in developing Epson's projector technology as described on Epson's own website. (4/23/07 Rader Decl., Exh. F.) Therefore, Epson's evidence, at best, raises an issue as to the merits of Coretronic's proposed amendment that would be inappropriate to resolve at the Rule 15(a) stage.

Accordingly, this Court will grant Coretronic leave to amend to assert its patent infringement counterclaims against ERC.

### B. For Reasons Of Economy And Efficiency, This Court Finds It Inappropriate To Adhere To The First-To-File Rule.

Applying the principles set forth by the Federal Circuit that are discussed above, this Court finds the goals of judicial and litigant economy, as well as the promotion of the just and effective disposition of disputes, provide compelling reasons to depart from the first-to-file rule in this

1 particular instance.

2   This Court disagrees with Epson's contention that the interests of efficiency are best served
3 by having Epson's and Coretronic's respective infringement claims heard in different lawsuits in
4 different districts on opposite coasts. The Court sees no reason that this would further either litigant
5 or judicial efficiency. To the contrary, parallel litigation in two different districts would create a
6 serious risk of conflicting pretrial and trial schedules, not to mention inconsistent management of
7 discovery limits and specialized patent litigation procedures.[2] In this Court's view, it would serve
8 judicial and litigant economy far more to have a single district court in the position to coordinate all
9 case management issues concerning the disputes between these competitors. Epson alleges a risk of
10 jury confusion due to complexity if Epson's patents and Coretronic's patents are both at issue in the
11 same litigation, but this concern hardly warrants entry of a stay or dismissal. This Court is well-
12 equipped to proactively address such problems through bifurcation of pretrial or trial proceedings
13 wherever appropriate.

14   Based on the record submitted by the parties, this Court also finds no reason that the District
15 of Columbia would provide an advantageous forum for the resolution of Coretronic's infringement
16 allegations. The most important witnesses with knowledge about Coretronic's allegations are
17 apparently located in Taiwan, which is no closer to the District of Columbia than to the Northern
18 District of California. Epson has not come forth with any other specific rationales for why the
19 District of Columbia would be a more convenient forum to litigate Coretronic's infringement
20 allegations; in any event, such an assertion would likely not withstand scrutiny given that Epson
21 originally filed suit against Coretronic in this district when asserting its own patent infringement
22 allegations.

23   Moreover, given that this Court has found it appropriate to grant leave to Coretronic to
24 amend its counterclaims to add Epson's subsidiary, ERD, as a counter-defendant, efficiency is best
25 served by having all infringement claims premised on Coretronic's patents resolved in the same
26 district. It would be a considerable waste of judicial resources to have Coretronic's infringement

---

[2] For example, if the patent infringement allegations proceed in two different actions, the special procedures mandated by the Northern District of California's local patent rules would apply to Epson's patent infringement claims but not to Coretronic's patent infringement counterclaims.

5

1  claims heard in California against an Epson subsidiary, but in the District of Columbia against Epson
2  itself, on the exact same patents. This district provides the "forum where the rights and obligations
3  of the various parties could be resolved in a single lawsuit." *Serco*, 51 F.3d at 1040.[3]
4      Because interests of efficiency so strongly dictate that Coretronic's infringement allegations
5  should be heard in this district, this Court does not find it necessary to reach Coretronic's additional
6  argument that Epson intended its declaratory suit to preempt Coretronic's counterclaims. Even
7  assuming Epson did not attempt to preempt Coretronic's counterclaims, this case presents an
8  instance where "considerations of judicial and litigant economy, and the just and effective
9  disposition of disputes" require this Court to depart from the first-to-file rule.
10     Accordingly, this Court declines to dismiss or stay Coretronic's counterclaims against Epson.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Coretronic's motion for leave and **DENIES** Seiko Epson's motion to dismiss.

**IT IS SO ORDERED.**

Dated: 6/19/2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[3] By a June 4, 2007 letter filed with the Court, Epson requests leave to submit a copy of its opposition papers filed in the District of Columbia action to Coretronic's motion to transfer that case to this district. (Docket No. 50.) From Epson's letter, it is apparent that Epson's position is that the District of Columbia is not empowered to transfer that case to this Court because Coretronic's allegations of patent infringement could not have been brought in this district for lack of personal jurisdiction over Coretronic with respect to that cause of action. However, even if Epson's analysis on this issue is correct, the nontransferability of the District of Columbia action would not alter this Court's analysis that it should retain jurisdiction over both Epson's claims and Coretronic's counterclaims and proceed to resolve them in a single lawsuit. The Court therefore declines Epson's request for leave to supplement the record here with a copy of its opposition papers filed in the District of Columbia.