UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SEIKO EPSON CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-00558-RBW |
| | ) |
| CORETRONIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Seiko Epson Corporation ("Seiko Epson"), for its Amended Complaint against Coretronic Corporation ("Coretronic"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Seiko Epson is a company organized under the laws of Japan, with a place of business at 3-5, Owa 3-chome, Suwa-shi, Nagano-ken, 392-8502 Japan.

2. Upon information and belief, Coretronic is a company organized under the laws of the Republic of China, with a place of business at No.11, Li-Hsing Road, Science Park, Hsinchu, Taiwan 300, Republic of China.

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, concerning issues arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction is conferred on this Court pursuant to 35 U.S.C. § 293 and 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. Venue is proper in this district pursuant to 35 U.S.C. § 293 and 28 U.S.C. § 1391.

## FACTS

5.      Upon information and belief, Coretronic owns U.S. Patent Nos. 6,742,899 B1 (the "899 Patent") and 6,739,831 B2 (the "831 Patent") and has made no designation pursuant to 35 U.S.C. § 293 with respect to the 899 and 831 Patents.

6.      Seiko Epson manufactures projectors that are sold in the United States.

7.      By letter dated March 6, 2007, an officer of Coretronic stated to Seiko Epson that Coretronic had "determined that Seiko Epson projectors have infringed and are infringing [the 899 and 831] Coretronic patents" and indicated an intent to assert such claims against Seiko Epson in court.

8.      Seiko Epson does not infringe and has not infringed the 899 or 831 Patents directly, contributorily or by inducement.

9.      One or more claims of the 899 and 831 Patents are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

10.     The 899 patent is unenforceable due to inequitable conduct during prosecution of the application from which it issued. In particular, upon information and belief, the EzPro 730 and/or 735 projectors (the "EzPro 730/735 projectors"), which anticipate one or more claims of the 899 patent or, in combination with other prior art that was before the U.S. PTO, render *prima facie* obvious one or more claims of the 899 patent, were sold and/or offered for sale in the United States as early as July 2001, more than a year prior to the April 14, 2003 filing date of the U.S. application that issued as the 899 patent. Such sales and/or offers for sale of the EzPro 730/735 projectors would have been material to the examination of one or more claims of the 899 patent. The inventors of, prosecuting attorneys of, and/or other individuals subject to the

requirements of 37 C.F.R. § 1.56(c) in connection with the 899 patent and its predecessor applications must have been aware of the EzPro 730/735 projectors and that they were sold or offered for sale more than a year prior to the submission of the application that resulted in the 899 patent. Nevertheless, none of them disclosed the EzPro 730/735 projectors to the United States Patent Trademark Office ("U.S. PTO") as prior art during the prosecution of the 899 patent. Upon information and belief, the failure to disclose this material information was knowing, willful and done with the intent to deceive the U.S. PTO into issuing the 899 patent.

11. The 831 patent is unenforceable due to inequitable conduct during prosecution of the application from which it issued. In particular, upon information and belief, Japanese Patent Publication Nos. 08-314011 (published on November 29, 1996), 10-48747 (published on February 20, 1998), 11-111046 (published on April 23, 1999), and 2000-36215 (published on February 2, 2000) ("the JP references") were material to the examination of one or more claims of the United States application that issued as the 831 patent. Indeed, all or some of the JP references are anticipatory or, in combination with other prior art that was before the U.S. PTO, render *prima facie* obvious one or more claims of the 831 patent. All of the JP references were published more than a year prior to the June 20, 2002 filing date of the U.S. application that issued as the 831 patent. The JP references were considered relevant to the claims of the Japanese counterpart of the 831 patent in the Office Action issued by the Japanese Examiner on September 2, 2003. At that time, the application that issued as the 831 patent was pending before the U.S. PTO. Upon information and belief, the inventors of, prosecuting attorneys of, and/or other individuals subject to the requirement of 37 C.F.R. § 1.56(c) in connection with the 899 patent were aware of one or more of the JP references prior to the issuance of the 831 patent on May 25, 2004. Nonetheless, none of the JP references was disclosed to the U.S. PTO prior to the

issuance of the 831 patent. Upon information and belief, the failure to disclose this material information was knowing, willful and done with the intent to deceive the U.S. PTO into issuing the 831 patent.

12. Accordingly, an actual controversy exists between Coretronic and Seiko Epson.

WHEREFORE, Seiko Epson prays that this Court:

A. Adjudge and decree that Seiko Epson is not infringing and has not infringed any claim of the 899 Patent;

B. Adjudge and decree that Seiko Epson is not infringing and has not infringed any claim of the 831 Patent;

C. Adjudge and decree that one or more claims of the 899 Patent are invalid;

D. Adjudge and decree that one or more claims of the 831 Patent are invalid;

E. Adjudge and decree that one or more claims of the 899 Patent are unenforceable;

F. Adjudge and decree that one or more claims of the 831 Patent are unenforceable;

G. Award Seiko Epson its attorneys' fees; and

H. Award Seiko Epson such further relief as this Court deems just and proper.

## JURY DEMAND

Seiko Epson Corporation hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues so triable.

DATED this 3rd day of October 2007.

Respectfully submitted,

SEIKO EPSON CORPORATION

_____
James A. Oliff
John W. O'Meara
William J. Utermohlen, D.C. Bar No. 384902
OLIFF & BERRIDGE, PLC
277 South Washington Street
Suite 500
Alexandria, VA 22314
Telephone: 703-836-6400
Facsimile: 703-836-2787

Attorney for Plaintiff Seiko Epson Corporation